UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOHN DAVID DEGELAU,

    Defendant.

Case No. 24-cr-89 (JWB/LIB)

**MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

The United States of America, by and through Joseph H. Thompson, Acting United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 2253(a), and Fed. R. Crim. P. 32.2.

## I. BACKGROUND

On April 2, 2024, a grand jury returned an Indictment against Defendant John David Degelau. ECF No. 1. The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 2253(a), of any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including:

    a. Apple, iPhone 12 Pro Max, IMEI: 354860893307446; and

    b. Toshiba, DTX120 2TB External Hard Drive; Serial No.: X015T0PCTRRG ("Property"). *Id.*

On February 12, 2025, the Defendant pled guilty without a plea agreement to Counts 1 and 2 of the Indictment, which charged him with Possession of Child

Pornography and Possession and Attempted Possession of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252(A)(b)(2). ECF No. 48.

## II. ARGUMENT

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

>(A) Forfeiture Determinations. As soon as . . . after a plea of guilty . . . the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.
>
>(B) Evidence and Hearing. The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

>(A) Contents of a Specific Order. If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

As stated above, the defendant pled guilty to Count 1, which charged him with Possession of Child Pornography, and Count 2, which charged him with Possession and Attempted Possession of Child Pornography. Count 1 specifically alleged that the

2

digital files were found on a hard drive, and Count 2 alleged that the digital files were found on a cellular telephone. The PSR verifies that an extensive number of CSAM files were found on an iPhone 12 and a Toshiba external hard drive. PSR ¶¶ 8-11. The defendant's guilty plea to those charges, in addition to the information in the PSR demonstrates that these two items are subject to forfeiture pursuant to 18 U.S.C. § 2253(a) because they were used or intended to be used to commit Counts 1 and 2 of the Indictment.[1]

Section 853(n)(1) of Title 21, as incorporated by 28 U.S.C. § 2461(c), provides that, following the entry of an order of forfeiture, the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have alleged an interest in the Property.

Sections 853(n)(2)-(6) of Title 21 set out the process by which third parties asserting a legal interest in the Property can obtain a judicial determination of the validity of the legal claims or interests they assert. Pursuant to Section 853(n)(7), following the disposition of all third-party petitions or, if no such petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

---

[1] The MacBook and Black Canon Camera and SD Card that were listed in the Indictment are not subject to forfeiture. The Defendant has agreed that their contents may be wiped, and the government agrees that they can then be returned to the defendant or his agents.

## III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture.

Respectfully submitted,

Dated: 7/2/2025

JOSEPH H. THOMPSON
Acting United States Attorney

*s/Craig Baune*
BY: CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone: 612-664-5600
Craig.baune@usdoj.gov